UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-235 (DSD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DUANE LEE ROSS,

Defendant.

ORDER OF DETENTION

This matter came before the Court on July 9, 2008, for a preliminary hearing on alleged violations of the defendant's supervised release conditions and a hearing on the motion of the United States for an Order of Detention. The defendant was present and represented by his attorney, Caroline Durham, Assistant Federal Defender. The United States was represented by Assistant United States Attorney Nancy E. Brasel.

The defendant entered denials of the alleged violations of supervised release and waived the issue of probable cause. The Court thus found there was probable cause to believe the defendant violated the terms of his supervised release and bound the defendant over for a final revocation hearing before Senior District Judge David S. Doty.

With respect to the issue of detention, based upon the evidence presented at the detention hearing, the arguments of counsel, and all the files, records, and proceedings herein, the Court concludes the defendant has not shown by clear and convincing

evidence that he is not likely to flee or pose a danger to any other person or the community if released. Accordingly, the Court will grant the government's motion for detention.

**FINDINGS OF FACT**

In November 2000, the defendant entered a plea of guilty to Possession of Stolen Firearms, in violation of 18 U.S.C. § 822(j). He was sentenced on February 12, 2001, to 85 months imprisonment followed by three years supervised release.

On September 10, 2007, the defendant was released from custody and began serving his term of supervised release. The defendant is supervised by the Probation Office in the District of Minnesota. Since September 2007, the Court modified the defendant’s conditions of supervised release three times.

By a petition dated July 1, 2008, the Probation Office alleges the defendant committed additional crimes and failed to notify the probation officer about them, used alcohol and other intoxicants, failed to complete a remote alcohol monitoring program, failed to attend treatment sessions, and failed to complete community service hours, all in violation of the standard and special conditions of his supervised release.

Among the modifications made to the defendant’s conditions was a June 11, 2008 modification mandating that the defendant reside for 90 days in a residential reentry center. The modification was not carried out due to new criminal conduct. Specifically, in June

2008, the defendant was convicted of one charge of Driving While Intoxicated, where his blood alcohol level was .166, and another charge of Fleeing a Law Enforcement Officer on Foot.

**DISCUSSION**

Pursuant to Federal Rules of Criminal Procedure 32.1(a)(6) and 46(c) and Title 18, United States Code, Section 3143, a defendant may be released pending a final revocation hearing if he makes a clear and convincing showing that he is not likely to flee or pose a danger to another person or the community. The Court finds the defendant has not made this showing in this case.

There is probable cause to believe the defendant violated the terms of his supervised release multiple times as set forth in the report of the Probation Office. In addition, because of his recent convictions for DWI and Fleeing a Law Enforcement Officer on Foot, the defendant did not serve the prior modification of his supervised release, 90 days in a residential reentry center. The Court therefore concludes detention is warranted. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: July 11, 2008

s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge